IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CT-3138-BO

| | |
|---|---|
| SHAWN A. WILLIAMS,<br>    Plaintiff, | )<br>)<br>) |
| v. | )    O R D E R<br>) |
| JOHN HAIGWOOD, et al.,<br>    Defendants. | )<br>)<br>) |

Plaintiff is presently an inmate in the custody of the North Carolina Department of Correction. On October 27, 2008, Williams filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 (D.E. # 1). An order of investigation was entered by the court and thereafter on June 15, 2009, NCPLS accepted the case (.D.E. # 13). On July 14, 2009, Elizabeth Albiston entered a notice of appearance on Williams' behalf (D.E. # 15).

On August 10, 2011, defendants moved to dismiss the action under Rule 12(b)(6) (D.E. # 24). However, the motion includes documents outside the pleadings and is properly considered a motion for summary judgment. See Fed. R. Civ. P. 12(d). In response, plaintiff moves, pursuant to Fed. R. Civ. P. 56(d),[1] to deny or continue defendants' motion for summary judgment so that the parties can engage in discovery.

---

[1] Effective December 1, 2010, the Supreme Court amended Rule 56, and what is now Rule 56(d) was previously codified as Rule 56(f). See Fed. R. Civ. P. 56, Advisory Comm. Notes, 2010 Amend. ("The standard for granting summary judgment remains unchanged . . . . Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)."); see also Order Amending Fed. R. Civ. P. (U.S. Apr. 28, 2010) ("[T]he foregoing amendments to the Federal Rules of Civil Procedure shall take effect on December 1, 2010, and shall govern in all proceedings thereafter commenced and, insofar as just and practicable, all proceedings then pending."); Merchant v. Prince George's County MD, No. 10-1268, 2011 WL 2451528, at *1 (4th Cir. June 21, 2011) ("Rule 56(d) . . . carries forward without substantial change the provisions of former subsection (f).") (per curiam) (unpublished).

"As a general rule, summary judgment is appropriate only after 'adequate time for discovery.'" Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996). Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). Under Rule 56(d), a court may delay ruling on a motion for summary judgment if the nonmoving party requires discovery to identify "facts essential to justify the party's opposition." Crawford-El v. Britton, 523 U.S. 574, 599 n.20 (1998) (quotation omitted); Nader v. Blair, 549 F.3d 953, 961-62 (4th Cir. 2008); White v. BFI Waste Servs., LLC, 375 F.3d 288, 295 n.2 (4th Cir. 2004). "Rule 56(d) affidavits cannot simply demand discovery for the sake of discovery." Young v. UPS, No. DKC 08-2586, 2011 WL 665321, *20 (D.Md. Feb. 14, 2011). "Rather, to justify a denial of summary judgment on the grounds that additional discovery is necessary, the facts identified in a Rule 56 affidavit must be 'essential to [the] opposition.'" Scott v. Nuvell Fin. Servs., No. JFM-09-3110, 2011 WL 2222307, *4 (D. Md. June 7, 2011). A non-moving party's Rule 56(d) request for discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." Strag v. Bd. of Trs., Craven Cmty. Coll., 55 F.3d 943, 953 (4th Cir. 1995).

For good cause, the motion filed pursuant to 56(d) (D.E. # 29) is ALLOWED. Thus, the motion to dismiss is DENIED (D.E. # 24) to be re-filed after proper discovery as set out by Rule 56(d). The court lifts the stay of discovery and finds it appropriate to set parameters for

discovery in this action. All discovery shall be commenced or served in time to be completed by February 15, 2012. All motions, including dispositive ones, shall be filed by March 15, 2012.

SO ORDERED, this the 15 day of November 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3