IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CT-3138-BO

SHAWN A. WILLIAMS,                    )
       Plaintiff,                        )
                                         )
       v.                                )      O R D E R
                                         )
JOHN HAIGWOOD, et al.,                )
       Defendants.                       )

Plaintiff is presently an inmate in the custody of the North Carolina Department of Correction. On October 27, 2008, Williams filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 (D.E. # 1). An order of investigation was entered by the court and thereafter on June 15, 2009, NCPLS accepted the case (D.E. # 13). On July 14, 2009, Elizabeth Albiston entered a notice of appearance on Williams' behalf (D.E. # 15). On July 16, 2009, an order granting a joint motion for leave to file an amended complaint was entered (D.E. # 17). The amended complaint was not filed until May 31, 2011 (D.E. # 18). On February 13, 2012, a motion to strike the amended complaint was filed by defendants (D.E. # 36). Plaintiff, through counsel, opposes the motion and has filed a response (D.E. # 38). The motion is ripe for ruling.

Under Federal Rule of Civil Procedure 12(f), a court may strike "any redundant, immaterial, impertinent or scandalous matter" from the pleadings. Motions to strike are "generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (citing 5A A. Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380, 647 (2d ed.1990)). "Moreover, a

motion to strike on the basis of irrelevancy should only be granted when it is clear that the material in question can have no possible bearing upon the subject matter of the litigation and the material may prejudice the other party." Simaan, Inc. v. BP Products North America, Inc., 395 F. Supp.2d 271, 278 (M.D.N.C. 2005)(citing Moore v. Prudential Ins. Co. of Am., 6 F. Supp. 215, 217 (M.D.N.C. 1958)).

The paragraphs defendants seek to strike material focus on his subsequent mental health treatment. The complaint and issues involve mental health treatment. The material involves four paragraphs and provides details about plaintiff's treatment once he was transferred from Bertie Correctional. As argued by plaintiff, this amendment appears relevant and material as it proffers evidence regarding the alleged serious and ongoing nature of plaintiff's mental illness. Furthermore, plaintiff alleges not only that he was physically injured by defendants' failure to provide mental health treatment to him, but also that he experienced mental and emotional harm as a result (D.E. # 18, ¶¶38, 49). Information regarding his psychological state after he left Bertie and the care it required is relevant and material and the motion is DENIED (D.E. # 36).

SO ORDERED, this the 2d day of March 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2