IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CT-03138-BO

| | | |
|---|---|---|
| SHAWN A. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | **AGREED DISCOVERY** |
| | ) | **PROTECTIVE ORDER** |
| v. | ) | |
| | ) | Fed. R. Civ. P. 26(c)(1) |
| JOE STURZ and ANTHONY | ) | |
| HATHAWAY, | ) | |
| | ) | |
| Defendants. | | |

THIS CAUSE coming on to be heard before the undersigned and being heard, the Court finds the following facts:

1.    Since the Court's entry of a Scheduling Order on 15 November 2011 , Plaintiff has issued to Defendants Sturz and Hathaway (collectively, "Defendants") separate sets of interrogatories and requests for production of documents.

2.    To fully respond to the discovery requests propounded to them, Defendants will have to produce certain documents and information that are confidential under North Carolina law, information that includes inmate records deemed confidential pursuant to N.C.G.S. §§ 148-74 and -76 and the personnel file information of the named Defendants as well as other employees of the North Carolina Department of Public Safety, Division of Adult Correction ("DAC") deemed confidential pursuant to N.C.G.S. §§ 126-22 and -24.

3.    Dependent upon the Court's ruling on Defendants' Motion for a Discovery Limiting Order filed this date, there may be additional discovery including depositions, interrogatories, and

requests for production of documents that may require the additional disclosure of such confidential information.

Based upon the foregoing facts, the Court makes the following conclusions of law and ORDERS as follows:

      1.    **Scope of the Order.** This Order governs the handling and disclosure of all documents, materials and information identified, produced, given, exchanged, obtained, or filed herein and which are designated by any party during the prosecution or defense of this action as "confidential information" under either category of confidentiality set forth in Paragraph 4 below.

      2.    **Agreement on Use of Confidential Information.** All Confidential Information, as defined and designated in accordance with this Order, shall be used solely in the prosecution or defense of this action including, but not limited to, mediation, other alternative dispute resolution processes, any other settlement process, and all other pre-trial, trial and post-trial proceedings in this action and shall not be used or disclosed by any person for any other purpose.

      3.    **"Disclosure."** When used in this Order, the term "Disclosure" shall mean to provide, impart, transmit, transfer, convey, publish, or otherwise make available.

      4.    **"Confidential Information."** For the purposes of this Order and during the course of this litigation, the parties establish two categories of confidential information and define them as follows:

        a.    "Attorney Eyes Only Confidential Information" means:

          (1)    Personal information about employees of DAC that is not related to the employee's job performance or duties, such as social security

numbers, home addresses and telephone numbers, insurance records or designations, medical and/or disability information, and other purely private information.

    (2)    The medical and mental health records maintained by DAC for current or former inmates of the DAC, other than the medical and mental health records of Shawn A. Williams.

    b.    "General Confidential Information" means:

    (1)    The personnel file, as that term is defined in N.C.G.S. § 126-22(3), maintained by the DAC of any current or former employee of the DAC.

    (2)    The medical and mental health records maintained by DAC for Shawn A. Williams.

    (3)    Other documents, materials, or information that is potentially embarrassing or invasive of the privacy of a person not a party to this litigation and therefore an appropriate subject of a Protective Order under Rule 26(c)(1) of the Rules of Civil Procedure.

    c.    If the parties are unable to agree about whether information produced in discovery should be treated as Confidential Information, the parties will refer the issue to the Court for determination under Rule 26(c)(1) of the Federal Rules of Civil Procedure and the appropriate precedents for its application.

5.    **Designation of Confidential Material.**    Designation of material as "Attorney Eyes Only Confidential Information" or as "General Confidential Information" shall be made as follows:

a. For documents furnished by the Designating Party and meeting the criteria identified in Paragraphs 4(a)(2) of this Order, by (1) writing, typing or stamping on the face of each page "ATTORNEY CONFIDENTIAL" or (2) specifically identifying, by reference to Bates or other number(s), certain documents considered Attorney Eyes Only Confidential Information by the Designating Party and which are expressly produced "pursuant to Paragraph 4(a) of the Consent Protective Order."

b. In the case of documents furnished by the Designating Party and meeting the criteria identified in Paragraph 4(b) of this Order, by either: (1) writing, typing, or stamping on the face of each page containing General Confidential Information the legend "CONFIDENTIAL"; or (2) specifically identifying, by reference to Bates or other number(s), certain documents considered General Confidential Information confidential by the Designating Party and which are expressly produced "pursuant to Paragraph 4(b) of the Consent Protective Order."

c. In the case of written discovery responses containing information meeting the criteria identified in Paragraphs 4(a)(2) of this Order, by (1) writing, typing or stamping on the face of each page "ATTORNEY CONFIDENTIAL" or (2) specifically identifying, by reference to Bates or other number(s), certain documents considered Attorney Eyes Only Confidential Information by the Designating Party and which are expressly produced "pursuant to Paragraph 4(a) of the Consent Protective Order."

d.　In the case of written discovery responses containing information meeting the criteria identified in Paragraph 4(b) of this Order, by either: (1) writing, typing, or stamping on the face of each page containing General Confidential Information the legend "CONFIDENTIAL"; or (2) specifically identifying, by reference to Bates or other number(s), certain documents considered General Confidential Information confidential by the Designating Party and which are expressly produced "pursuant to Paragraph 4(b) of the Consent Protective Order."

e.　In the case of deposition transcripts, or portions thereof, referencing information meeting the criteria identified in Paragraphs 4(a)(2) of this Order, either (1) by stating on the record that portion of the testimony and any exhibits to the testimony that are Attorney Eyes Only Confidential Information, in which case the transcript of the designated testimony and relevant exhibits shall be bound in a separate volume and designated "ATTORNEY CONFIDENTIAL" by the reporter, or (ii) by written notice to the reporter and counsel of record, given within twenty-one days of receipt of the transcript by the counsel for the Designating Party, in which case the reporter shall prepare a final transcript with transcript of the designated testimony and relevant exhibits bound in a separate volume and designated "ATTORNEY CONFIDENTIAL."

f.　In the case of deposition transcripts, or portions thereof, referencing information meeting the criteria identified in Paragraph 4(b) of this Order, either (I) by stating on the record that portion of the testimony and any

exhibits to the testimony are General Confidential Information, in which case the transcript of the designated testimony and relevant exhibits shall be bound in a separate volume and designated "CONFIDENTIAL" by the reporter, or (ii) by written notice to the reporter and counsel of record, given within twenty-one days of receipt of the transcript by the counsel for the Designating Party, in which case the reporter shall prepare a final transcript with transcript of the designated testimony and relevant exhibits bound in a separate volume and designated "CONFIDENTIAL."

g.  For any document furnished by the Designating Party containing information meeting the criteria of Paragraph 4(a)(1) of this Order, all such information will be redacted by the furnishing party prior to the production of the document.

6.  **Disclosure of Confidential Information.** The Confidential Information shall be solely for use in this litigation, including pre-trial, trial, and post-trial proceedings and may be disclosed as follows:

a.  Information meeting the criteria identified in Paragraph 4(a)(1) of this Order shall not be revealed to any person, entity or party without the prior authorization of the Court.

b.  Documents and information meeting the criteria identified in Paragraphs 4(a)(2) of this Order shall not be revealed to the Plaintiff or any person who is now or has ever been incarcerated at any facility maintained by the DAC.

c.  Except as provided for in Paragraphs 6(a) and 6(b) of this Order, information and documents meeting the criteria identified in Paragraphs 4(a)(2) and

4(a)(3) of this Order may be revealed only to the attorneys of record, members of the attorneys' staffs, those persons identified, retained, and deposed as expert witnesses, and deponents in the preparation for and the duration of their previously-noticed depositions, and all such individuals are prohibited from disclosing any Attorney Eyes Only Confidential Information or copies thereof to any other person, except that the information may be disclosed to the Court and to the reporter transcribing a deposition or other proceeding involving the information.

d.     All General Confidential Information as defined in Paragraph 4(b) of this Order may be revealed to the attorneys of record, members of the attorneys' staffs, those persons identified, retained, and deposed as expert witnesses, and deponents in the preparation for and the duration of their previously-noticed depositions, and any party to this action, and all such individuals are prohibited from disclosing any General Confidential Information or copies thereof to any other person, except that the Confidential Information may be disclosed to the Court and to the reporter transcribing a deposition or other proceeding involving the Confidential Information.

7.     **Filing of Confidential Information Under Seal.**     Before filing any Confidential Information covered by this Protective Order with the Court, or before filing any pleadings, motions, or other papers that disclose any such information, the filing party must confer with the other party about how the confidential information should be filed. If either party decides that the information shall not be available for public view, then the filing party shall file the document under the Local Rules of the Eastern District providing for the

filing of proposed sealed material. The party that intends to protect the information from public view shall institute the procedures under the Local Rules for moving the Court to allow a motion to seal. This paragraph shall not apply to any court filing occurring before its entry.

8.　**Authors/Recipients.** Except as specifically noted herein, this Order shall not limit a Designating Party's use of its own Confidential Information, nor shall this Order limit the ability of a party to disclose any document to its author or to anyone identified on the face of the document as a recipient.

9.　**Return of Confidential Information.** Following the completion of this litigation, including pre-trial, trial and post-trial proceedings, counsel for the Requesting Party shall insure that all copies of Confidential Information are returned intact to the counsel for the Designating Party along with a written disclosure of the persons to whom such Confidential Information was disclosed including, but not limited to, the person's name, association with this litigation, and reason for disclosure.

10.　**Purpose of Order.** This Order is entered solely for the purpose of facilitating the exchange of information between the parties without involving the Court unnecessarily in this process. Nothing in this Order, nor the production of any documents or disclosure of any information pursuant to this Order, shall be deemed to have the effect of (I) a waiver to admission or of objection under the rules of evidence, by any party, or (ii) altering any existing obligation or objection of any party. This protective order does not negate any objections that may be raised in response to the discovery requests, with the exception of the confidentiality objection.

BASED UPON the foregoing, it is therefore ORDERED that all parties will observe the requirements of this order as to material produced in response to discovery requests.

This the ___19___ of ___April___, 2012.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE